IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Jacqueline Adams, ) | Case No. 8:15-cv-04470-HMH-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| The Kroger Company, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the Court on a motion to dismiss the case without prejudice, filed by Defendant. [Doc. 12.] Plaintiff brings this action against Defendant, alleging race discrimination and retaliation in violation of Title VII of the Civil Rights Act. [Doc. 1.] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), D.S.C., this magistrate judge is authorized to review all pretrial matters in this case and to submit findings and recommendations to the District Court.

Plaintiff filed the above-captioned action on November 3, 2015. [Doc. 1.] On April 18, 2016, Defendant filed the instant motion to dismiss Plaintiff's Complaint without prejudice, pursuant to Rules 4(m) and 12(b)(5) of the Federal Rules of Civil Procedure, for insufficient service. [Doc. 12.] Plaintiff filed a response to Defendant's motion on May 5, 2016. [Doc. 14.] Defendant filed a reply to the response on May 16, 2016. [Doc. 15.] The motion is now ripe for review.

## APPLICABLE LAW

A defendant may challenge the sufficiency of service of process and seek dismissal of a case under Rule 12(b)(5) of the Federal Rules of Civil Procedure. Failure to properly serve the summons and complaint deprives the court of personal jurisdiction over a

defendant. *See Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998); *see also* Fed.R.Civ.P. 12(b)(5). Rule 4 of the Federal Rules of Civil Procedure requires that service on defendants be effected within 120 days after a complaint is filed.[*] *See* Fed.R.Civ.P. 4(m). However, if a defendant is not served within the requisite time period, the court may order that service be made within a specified time rather than dismiss the case. *See* Fed.R.Civ.P. 4(m). Moreover, if the plaintiff shows good cause for the failure to serve, the court must extend the time for service for an appropriate period. *Id.* "'The plaintiff bears the burden of establishing that the service of process has been performed in accordance with the requirements of Federal Rule of Civil Procedure 4.'" *Ballard v. PNC Fin. Serv. Group, Inc.,* 620 F.Supp.2d 733, 735 (S.D.W.Va. 2009) (quoting *Elkins v. Broome,* 213 F.R.D. 273, 275 (M.D.N.C. 2003)).

"Good cause requires a showing that the plaintiff made reasonable and diligent efforts to effect service prior to the 120-day limit." *Chen v. Mayor & City Council of Baltimore*, 292 F.R.D. 288, 293 (D. Md. 2013), *aff'd*, 546 Fed.App'x. 187 (4th Cir. 2013). Good cause may be established in a number of ways. "For example, courts have found good cause where 'the defendant was evading service; the plaintiff experienced difficulty in obtaining defendant's proper address; the plaintiff was misdirected by court personnel as to proper procedure; or a defect in the attempted service was not revealed by the defendant until after the time [had] expired.'" *Hunt v. Branch Banking and Trust, Co.*, No. 4:11-870-MGL, 2013 WL 988862, at *4 (D.S.C. March 13, 2013) (quoting *Hoffman v.*

---

[*] On December 1, 2015, the amended Rule 4(m) became effective, requiring that service be completed within 90 days of the filing of a complaint. Because this action was filed on November 3, 2015, the prior version of Rule 4(m), allowing 120 days for service, controls.

*Baltimore Police Dep't,* 379 F.Supp.2d 778, 786 (D. Md. 2005)). "However, courts have held that mere inadvertence, ignorance of the federal rules, and attorney neglect do not constitute good cause." *Harvey v. Capital Children's Dental Ctr.*, No. 3:09-1836-CMC-PJG, 2010 WL 1294120, at *2 (D.S.C. Mar. 4, 2010), *Report and Recommendation adopted by* 2010 WL 1294123 (D.S.C. Mar. 29, 2010).

## DISCUSSION

The record in this case reflects Plaintiff filed her Complaint on November 3, 2015. [Doc. 1.] Upon the filing of a document, a Notice of Electronic Filing ("NEF") is automatically generated by the CM/ECF system and sent by electronic mail to all attorneys in a case who are registered as CM/ECF users and have consented to electronic service. Upon the filing of the Complaint, Plaintiff's counsel received a NEF indicating "Service due 3/7/2016." [Doc. 14-2.] Plaintiff served Defendant on March 7, 2016. [Doc. 12-2.] Plaintiff asserts that because she complied with the instruction of the Court and served Defendant by March 7, 2016, she properly served Defendant and her Complaint should not be dismissed for improper service. [Doc. 14-1.] Defendant argues that the deadline generated by the NEF should not be construed to change or extend any deadlines set by statute or rule. [Doc. 15 at 2.]

Based on the record in this case, the Court finds that Plaintiff's failure to serve Defendant within 120 days is excusable and Plaintiff has established good cause. Though parties are responsible for knowing what Rule 4(m) requires, Plaintiff's inadvertence is understandable where Plaintiff served Defendant within 125 days in accordance with a Court-generated deadline. In making this determination, the Court observes that Defendant has not suffered prejudice from the extension of the deadline. Accordingly, the

Court finds Defendant's motion to dismiss based on Plaintiff's failure to comply with Rule 4(m) should be denied.

## **RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends Defendant's motion to dismiss without prejudice be DENIED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

August 24, 2016
Greenville, South Carolina